UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-425-DLB

MELANIE MORTON                                                                      PLAINTIFF

vs.                           **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                      DEFENDANT

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Melanie Morton filed applications for disability insurance benefits (DIB) and Social Security Income (SSI) payments on November 16, 2001. Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 22, 2002. On August 26, 2003, ALJ Andrew Chwalibog issued a written decision, finding that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for review by letter dated November 16, 2004. The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claim.

1

Plaintiff, who was 33 years old at the time of the hearing, has a high school education and alleges an inability to work beginning on May 31, 1996 due to: upper, lower, and mid-back pain; hip, leg, knee, and foot pain; pain and stiffness in her neck; soreness in her hands and arms; vision problems (i.e., she wears glasses); hypertension; chest pain; varicose veins; high cholesterol; blood in her urine; depression, anxiety, and nervousness; gall bladder surgery; poor memory; fibromyalgia; chronic pain and muscle spasms; obesity; chronic fatigue; difficulty sleeping; and headaches.

Having exhausted her administrative remedies, Plaintiff filed the instant suit on December 1, 2004. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

**A.    Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any relevant time. (Tr. 14). At Steps 2 and 3, the ALJ found that Plaintiff's fibromyalgia, obesity, and depression constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 16). At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a significant range of light work. Specifically, the ALJ found that Plaintiff can lift/carry 20 pounds occasionally, 10 pounds frequently; occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds. (Tr. 18). Mentally, the ALJ found that Plaintiff is moderately limited in her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; interact appropriately with the general public and respond appropriately to changes in the work setting; and is able to do simple tasks in a low stress work environment. (Tr. 18).

Based upon that finding, the ALJ concluded that Plaintiff is unable to perform her past relevant work as fast food worker. (Tr. 18). At Step 5, however, the ALJ found that there are a significant number of jobs that Plaintiff can perform despite her limitations. (Tr. 19). These jobs include: kitchen worker, production inspector, parts assembler, and hand finisher. (Tr. 19). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 20).

**C.   Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ should have recontacted her treating physician, Dr. Debra K. Hall, to determine whether additional information was readily available. In support, Plaintiff notes that the ALJ rejected Dr. Hall's opinion because it was not supported by the treatment records, and was inconsistent with the record as a whole. She argues, however, that even if the opinion was not entitled to deference, the ALJ should have, at a minimum, recontacted Dr. Hall to seek clarification. Plaintiff claims that the ALJ's failure in this regard violated the regulations' mandatory recontact requirement. *See* 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).[1]

In response, the Commissioner argues that an ALJ is required to recontact a medical source only when the evidence of record is inadequate to make a disability determination. The Commissioner argues that the administrative record in this case - which is replete with opinions from treating physicians, consultative examiners, and state agency

---

[1] The Court notes that Plaintiff relies on *Day v. Shalala*, 23 F.3d 1052 (6th Cir. 1994), which she concedes has no direct applicability to this case, and *Persell v. Sec'y of Health and Human Servs.*, 36 F.3d 1097 (6th Cir. 1994) (Table decision, text available on Westlaw), which noted that the current version of 20 C.F.R. § 404.1512(e)(1) became effective on August 1, 1991.

4

physicians - was sufficiently developed for the ALJ to render an informed decision. The Commissioner argues that an ALJ must "seek additional evidence or clarification from [a claimant's] medical source when the report from [the] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." *Id*. Furthermore, the Commissioner argues that the burden in a disability proceeding falls squarely on the claimant. Alternatively, the Commissioner claims that, even if the ALJ should have recontacted Dr. Hall, Plaintiff has alleged no prejudice as a result.

The record reveals that Plaintiff began seeing Dr. Hall, a primary care physician, in 1996. Plaintiff visited Dr. Hall on five occasions between January 29, 1996 and November 3, 1999. (Tr. 254-56). On each occasion, Plaintiff complained of migraine headaches and Dr. Hall prescribed Inderal. Plaintiff did not visit Dr. Hall again until February 6, 2001. (Tr. 253). During a visit on February 15, 2001, Plaintiff again complained of headaches. (Tr. 248). A CT performed the following day, however, was normal. (Tr. 248). Plaintiff followed up with Dr. Hall on February 20, 22, and March 1. (Tr. 239, 248).[2]

Dr. Hall rendered two opinions that are pertinent to this appeal. On May 8, 2001, she wrote the following letter:

> To Whom It May Concern:
>
> Mrs. Morton has undergone an evaluation for connective tissue disease. A rheumatologist felt that she did not have a connective tissue disease but

---

[2]She also had some testing done in the interim.

> diagnosed her with fibromyalgia. The patient also suffers from migraine headaches. Her pain has been disabling to her for more than 6 weeks.

(Tr. 233). Dr. Hall also completed a physical RFC form on December 6, 2002, in which she opined that Plaintiff can lift 10 pounds occasionally, 5 pounds frequently; stand/walk and sit for 1-2 hours in an 8-hour workday, 30 minutes without interruption; never climb, balance, stoop, crouch, kneel, or crawl; is limited in her ability to reach, handle, push, and pull; and must avoid heights, temperature extremes, and vibration. (Tr. 267-69).

The ALJ effectively rejected both of these opinions. First, at Step 2 of the sequential evaluation, the ALJ did not credit Dr. Hall's opinion that Plaintiff's migraine headaches are disabling. In support, the ALJ noted that the results of the February 2001 CT scan were normal, and that prior to 2001, Plaintiff had not seen Dr. Hall since 1999. (Tr. 17-18). The ALJ also noted inconsistencies in Plaintiff's own statements regarding the frequency of her migraines,[3] and that the level of pain Dr. Hall attributed to them was inconsistent with Plaintiff's own account of her daily activities. (Tr. 17). For all these reasons, the ALJ rejected Dr. Hall's May 8, 2001 opinion.

As alluded to by Plaintiff in a footnote in her motion, the ALJ also failed to give controlling weight to the physical RFC completed by Dr. Hall on December 6, 2002. The ALJ stated, "[l]ittle weight is given to the findings and opinions of Dr. Hall which appear to be based largely on the claimant's subjective complaints and are not supported even by treatments records." (Tr. 18). Instead, the ALJ adopted the opinions of the state agency

---

[3]For example, Plaintiff indicated to Dr. Edwards on January 31, 2002 that she had migraines twice a month; however, she reported to Dr. Smolyar that she experienced them twice a week. (Tr. 17).

physicians, finding that they were consistent with Plaintiff's daily activities and treatment. (Tr. 18).

Both parties agree that the regulations provide that when a treating source's opinion is inadequate for a determination, the ALJ must recontact the source for additional information or clarification. Contrary to Plaintiff's argument, the ALJ was not required to recontact Dr. Hall because the record was sufficient for him to make a determination, and none of the factual prerequisites discussed above were present (i.e., there was no conflict or ambiguity to be resolved, and reports were complete and appeared to be based upon acceptable clinical and laboratory techniques). Even if the Court concluded otherwise, the ALJ's failure in this case was harmless because Plaintiff has not identified or come forward with any additional evidence from Dr. Hall indicating that she was disabled during the relevant period. *See Melton v. Comm'r of Social Security*, 178 F.3d 1295 (6th Cir. 1999) (Table decision, text available on Westlaw).

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #9) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 8th day of February, 2006.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-425-MortonMOO.wpd

8